**THORNTON et al. v. LUMBERMEN'S MUT. CASUALTY CO.**

No. 2095.

District Court, W. D. Louisiana,

Shreveport Division.

June 9, 1947.

Booth, Lockard & Jack and Harry V. Booth, all of Shreveport, La., for plaintiffs.

Browne, Browne & Bodenheimer, of Shreveport, La., for defendant.

DAWKINS, District Judge.

This action is for personal injuries alleged to have been caused by the failure of the employer to provide a safe place for the employee to work. It is alleged that her duties required attention to the market board in a broker's office, and she stood on a platform some 16 inches above the floor level at the time of the accident; that when first employed, there was a guard rail around this platform but in September 1946 it was removed, at which time petitioner was advised that the whole platform would shortly be removed, thereby leaving the performance of her duties on the floor level. Other allegations pertinent to the motion to dismiss are as follows:

"Your petitioner, Mrs. Thornton, now avers that instead of removing the said platform, her said employer removed the rail located around said platform as above alleged and left the platform substantially in its same condition.

"That your petitioner, Mrs. Thornton, immediately recognized the hazard of stepping up and down many times a day where there was a difference of about sixteen inches in the floor levels, and she complained to the manager of said brokerage partnership, whereupon she was assured that the railing would be replaced and an intermediate step constructed, dividing the distance between the platform and the floor level into half.

"That this assurance was made to her during the month of September, 1946 and your petitioner, Mrs. Thornton, avers that she relied upon the promise and representations of the manager, one Carney James, and continued her employment with the said firm.

"Your petitioner, Mrs. Thornton, now avers that about the hour of 1:30 P.M. o'clock on October 4th, 1946, one Flowers, an account executive was talking to a customer of the firm over long distance telephone; that said customer was holding the phone waiting for a quotation from one of the exchanges; that your petitioner was endeavoring to obtain such quotation and when she did, she stepped down from the said platform to deliver the same to the said Flowers, whereupon, suddenly and without warning, she fell, causing serious and painful injuries as hereinafter set forth.

"Your petitioners now aver that the said accident was due to the gross negligence of the said brokerage firm, Merrill, Lynch, Pierce, Fenner & Beane, in failing to have provided your petitioner, Mrs. Thornton, with a safe and suitable place in which to carry on the duties of her employment, in

that the platform on which she had to work was elevated some sixteen inches, being more than twice the average height of a step and constituted a hazard, causing her fall, even though your petitioner, Mrs. Thornton, was careful in making the step and did nothing that would have caused her to fall, the accident being solely due to the nature of the hazard as aforesaid.

"Your petitioner, Mrs. Thornton, now shows that there was no way she could have performed the duties required of her without stepping up and down from said platform and the fatal step, resulting in the accident hereinabove described, was taken in the same manner as she had taken other steps.

"Your petitioners further show that while the railing was along the said platform, she had this instrumentality with which to hold and she used it for that purpose but when it was removed, in making the step, she had nothing with which to balance herself in making the movement aforesaid."

The motion to dismiss is upon the grounds that the said complaint fails to state facts sufficient to "constitute a cause of action * * *."

The argument of the defendant, plaintiff in motion, is that the danger, as disclosed by the complaint, was obvious, and the risk therefore necessarily assumed. Plaintiff, on the other hand, contends that specific allegations of the petition bring it within the class of cases where, it has been held, such conditions are discovered or known to the employee and he has on complaint been assured by the employer that they would be remedied, the former does not assume the risk by continuing to work, for a reasonable time, depending on such promise.

Paragraph 9 of the complaint does not say on what date "in September" the office was remodelled and the rail taken down, but the complaint does allege that the accident occurred on October 4, 1946. The case therefore seems to turn upon the circumstances which will be disclosed by the evidence as to whether the plaintiff was reasonably justified in relying upon the alleged promise to correct the condition and in continuing her work. The court cannot, therefore, say as a matter of law, that the facts alleged show a clear case of assumed risk.

The motion will be denied.

Proper decree should be presented.